UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Powerhouse Marks, LLC,

    Plaintiff,

v.

Harness, Dickey & Pierce, PLC,
a Michigan Professional Limited
Liability Company, George T.
Schooff, an individual, David P.
Utykanski, an individual, and
Brent G. Seitz, an individual,

    Defendants.

Case: 2:08-cv-10484
Judge: Cohn, Avern
Referral MJ: Scheer, Donald A
Filed: 02-01-2008 At 11:54 AM
REM POWERHOUSE MARKS V. HARNESS DIC
KEY ET AL (DA)

Wayne County Circuit Court
Case No. 08-101772
Hon. Michael F. Sapala

---

EDWARD G. LENNON PLLC
Edward G. Lennon (P42278)
Attorney for Plaintiff
322 N. Old Woodward
Birmingham, Michigan 48009
(248) 723-1276

MILLER, CANFIELD, PADDOCK AND
STONE, P.L.C.
Thomas G. Parachini (P22832)
David O'Brien (P65532)
Attorneys for Defendants
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
(313) 963-6420

COLLINGS, EINHORN, FARRELL &
ULANOFF, P.C.
Brian D. Einhorn (P13130)
Donald D. Campbell (P43088)
Co-counsel for Defendants
4000 Town Center - Suite 909
Southfield, Michigan 48075
(248) 355-4141

---

## NOTICE OF REMOVAL OF ACTION

TO THE HONORABLE JUDGES AND CLERKS OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN:

PLEASE TAKE NOTICE that Defendants Harness, Dickey & Pierce, PLC, George T. Schooff, David P. Utykanski, and Brent G. Seitz (collectively "Defendants"), by and through their undersigned counsel and pursuant to 28 U.S.C. §§ 1441 and 1446, *et seq.*, respectfully remove the above-captioned matter from the Circuit Court for the County of Wayne, State of Michigan, to this Court. In support of this Notice, Defendants state the following:

1. On January 22, 2008, Plaintiff Powerhouse Marks, LLC, a Michigan Limited Liability Company, filed a lawsuit in the Circuit Court for the County of Wayne, State of Michigan, Case No. 08-101772, naming Harness, Dickey & Pierce, PLC, George T. Schooff, David P. Utykanski, and Brent G. Seitz as defendants (the "State Court Action").

2. On January 24, 2008, Defendants were served by personal service with a Summons and Complaint. A copy of the Summons and Complaint in the State Court Action is attached as Exhibit A. This Summons and Complaint constitutes all process, pleadings and orders served upon Defendants to date in this action. The time for answering or otherwise responding to the Complaint has not yet expired.

3. The above-described action is a civil suit for money damages in which Plaintiff alleges that Defendants committed legal malpractice in their representation of Plaintiff in a case involving trademark infringement.

4. The United States District Court for the Eastern District of Michigan has original jurisdiction over this case or controversy under 28 U.S.C. § 1331 and 28 U.S.C. § 1388(a) because Powerhouse's claim against Harness Dickey and the individual defendants necessarily depends on resolution of a substantial question of federal trademark law under the Lanham Act, in that the relief available under the Lanham Act is a necessary element of its claim.

5. Because this action is one over which the United States District Court has original jurisdiction, it is removable pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1446.

6. Venue is proper in this Court because the facts and circumstances giving rise to Plaintiff's claims allegedly occurred within this District.

7. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely, having been filed with this Court within 30 days after receipt by the Defendants of the Summons and Complaint.

8. A true and correct copy of this Notice of Removal has been sent to the Clerk of the Circuit Court for the County of Wayne, State of Michigan, for filing as provided by law.

9. Written notice of the Notice of Removal will be given to the adverse party as required by law.

WHEREFORE, Defendants respectfully remove this action from the Circuit Court for the County of Wayne, State of Michigan, to this Court.

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

By: /s/ Thomas G. Parachini
Thomas G. Parachini (P22832)
David O'Brien (P65532)
Attorneys for Defendants
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
(313) 963-6420

and

COLLINGS, EINHORN, FARRELL & ULANOFF, P.C.
Brian D. Einhorn (P13130)
Donald D. Campbell (P43088)
Co-counsel for Defendants
4000 Town Center – Suite 909
Southfield, Michigan 48075
(248) 355-4141

Dated: January 31, 2008

DELIB:2932613.4\038456-00010



**STATE OF MICHIGAN**
**THIRD CIRCUIT COURT**

CASE NO.



# SUMMONS AND RETURN OF SERVICE

COURT ADDRESS: 2 WOODWARD AVENUE, DETROIT, MICHIGAN 48226

COURT TELEPHONE NO. (313) 224-5531

THIS CASE ASSIGNED TO JUDGE: MICHAEL F. SAPALA

Bar Number: 19891

| PLAINTIFF | | DEFENDANT | |
|---|---|---|---|
| WERHOUSE MARKS LLC | PL 01 VS | UTYKANSKI DAVID P | DF 004 |

**PLAINTIFF'S ATTORNEY**
EDWARD G. LENNON
(P-42278)
322 N OLD WOODWARD AVE
BIRMINGHAM, MI 48009-5321
248-723-1276

| | PAID | | PAID |
|---|---|---|---|
| | 01/22/08 | 04/22/08 | PARKINSON JACQUELINE |

*This summons is invalid unless served on or before its expiration date.    Cathy M. Garrett – Wayne County Clerk

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. YOU HAVE 21 DAYS after receiving this summons to file an answer with the court and serve a copy on the other party or to take other lawful action (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.

The docket number and assigned judge of the civil/domestic relations action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

The action ☐ remains ☐ is no longer pending.

I declare that the complaint information above and attached is true to the best of my information, knowledge, and belief.

Date _____    Signature of attorney/plaintiff _____

**COMPLAINT IS STATED ON ATTACHED PAGES. EXHIBITS ARE ATTACHED IF REQUIRED BY COURT RULE.**
If you require special accommodations to use the court because of disabilities, please contact the court immediately to make arrangements.

FORM NO. WC101
REV. (3-98)   MC 01 (10/97)   **SUMMONS AND RETURN OF SERVICE**   MCR 2.102(B)(11), MCR 2.104, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206 (A)

| STATE OF MICHIGAN<br>THIRD CIRCUIT COURT | SUMMONS AND RETURN OF SERVICE | CASE NO. |
|---|---|---|



| COURT ADDRESS: 2 WOODWARD AVENUE, DETROIT, MICHIGAN 48226 | COURT TELEPHONE NO. (313) 224-5531 |
|---|---|

THIS CASE ASSIGNED TO JUDGE: MICHAEL F. SAPALA

Bar Number: 19891

| PLAINTIFF | | DEFENDANT | |
|---|---|---|---|
| WERHOUSE MARKS LLC | PL 01  VS | SEITZ BRENT G | DF 005 |

PLAINTIFF'S ATTORNEY
EDWARD G. LENNON
(P-42278)
322 N OLD WOODWARD AVE
BIRMINGHAM, MI  48009-5321
248-723-1276

PAID     PAID

01/22/08     04/22/08     PARKINSON JACQUELINE

*This summons is invalid unless served on or before its expiration date.     Cathy M. Garrett – Wayne County Clerk

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. YOU HAVE 21 DAYS after receiving this summons to file an answer with the court and serve a copy on the other party or to take other lawful action (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The docket number and assigned judge of the civil/domestic relations action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

The action  ☐ remains  ☐ is no longer  pending.

I declare that the complaint information above and attached is true to the best of my information, knowledge, and belief.

Date _____     Signature of attorney/plaintiff _____

**COMPLAINT IS STATED ON ATTACHED PAGES. EXHIBITS ARE ATTACHED IF REQUIRED BY COURT RULE.**
If you require special accommodations to use the court because of disabilities, please contact the court immediately to make arrangements.

FORM NO. WC101
REV. (3-96)    MC 01 (10/97)    **SUMMONS AND RETURN OF SERVICE**    MCR 2.102(B)(11), MCR 2.104, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206 (A)

DEFENDANT

| STATE OF MICHIGAN<br>THIRD CIRCUIT COURT | SUMMONS AND<br>RETURN OF SERVICE | CASE NO. |
|---|---|---|



COURT ADDRESS: 2 WOODWARD AVENUE, DETROIT, MICHIGAN 48226

COURT TELEPHONE NO. (313) 224-5531

THIS CASE ASSIGNED TO JUDGE: MICHAEL F. SAPALA        Bar Number: 19891

| PLAINTIFF | | | DEFENDANT | |
|---|---|---|---|---|
| WERHOUSE MARKS LLC | PL 01 | VS | SCHOOFF GEORGE T | DF 003 |

PLAINTIFF'S ATTORNEY
EDWARD G. LENNON
(P-42278)
322 N OLD WOODWARD AVE
BIRMINGHAM, MI 48009-5321
248-723-1276

PAID          PAID

01/22/08     04/22/08     PARKINSON JACQUELINE

*This summons is invalid unless served on or before its expiration date.          Cathy M. Garrett – Wayne County Clerk

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. YOU HAVE 21 DAYS after receiving this summons to file an answer with the court and serve a copy on the other party or to take other lawful action (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.

The docket number and assigned judge of the civil/domestic relations action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

The action ☐ remains ☐ is no longer pending.

I declare that the complaint information above and attached is true to the best of my information, knowledge, and belief.

Date _____     Signature of attorney/plaintiff _____

**COMPLAINT IS STATED ON ATTACHED PAGES. EXHIBITS ARE ATTACHED IF REQUIRED BY COURT RULE.**
If you require special accommodations to use the court because of disabilities, please contact the court immediately to make arrangement.

FORM NO. WC101
REV. (3-98)   MC 01 (10/97)   **SUMMONS AND RETURN OF SERVICE**   MCR 2.102(B)(11), MCR 2.104, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206 (A)
DEFENDANT

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

POWERHOUSE MARKS, LLC,

    Plaintiff,

V

HARNESS, DICKEY & PIERCE, P.L.C,
a Michigan Professional Limited Liability
Company, GEORGE T. SCHOOFF, an
individual, DAVID P. UTYKANSKI, an
individual, and BRENT G. SEITZ, an
individual,

    Defendants.
_____/

08-101772 NM   1/22/2008
JDG:MICHAEL F. SAPALA
POWERHOUSE MARKS LLC
    vs
HARNESS DICKEY & PIERCE PLC

EDWARD G. LENNON PLLC
Edward G. Lennon (P42278)
Attorney for Plaintiff
322 N. Old Woodward
Birmingham, MI 48009
(248) 723-1276
_____/

JURY FEE PAID
THIS DATE:
BY: JAN 2 2 2008

## COMPLAINT AND JURY DEMAND

There is a closed civil action arising out of the transaction
or occurrence alleged in this Complaint. That case no. is
04-CV-73923, in the United States District Court for the
Eastern District of Michigan, Southern Division.

Plaintiff, Powerhouse Marks, LLC, by and through its attorneys, Edward G. Lennon PLLC, for its Complaint against Defendants, states as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Powerhouse Marks, LLC ("Powerhouse"), is a Michigan limited liability company with a principal place of business located in the City of Farmington Hills, Oakland County, Michigan.

2. Defendant Harness, Dickey & Pierce, P.L.C., a law firm, is a Michigan professional limited liability company with a principal place of business located in the City of Troy, Oakland County, Michigan.

3. Defendant George T. Schooff is an attorney and member of Harness, Dickey & Pierce, P.L.C. and has a principal place of business located in the City of Troy, Oakland County, Michigan. At all times alleged herein, Defendant Schooff practiced law under the auspices of Harness, Dickey & Pierce, P.L.C., which is liable for the acts of malpractice of Schooff and its other attorneys under the doctrines of agency, *respondeat superior* and vicarious liability.

4. Defendant David P. Utykanski an attorney and member of Harness, Dickey & Pierce, P.L.C. and has a principal place of business located in the City of Troy, Oakland County, Michigan. At all times alleged herein, Defendant Utykanski practiced law under the auspices of Harness, Dickey & Pierce, P.L.C., which is liable for the acts of malpractice of Utykanski and its other attorneys under the doctrines of agency, *respondeat superior* and vicarious liability.

5. Defendant Brent G. Seitz is an attorney associated with Harness, Dickey & Pierce, P.L.C. and has a principal place of business located in the City of Troy, Oakland County, Michigan. At all times alleged herein, Defendant Seitz practiced law under the auspices of Harness, Dickey & Pierce, P.L.C., which is liable for the acts of malpractice of Seitz and its other attorneys under the doctrines of agency, *respondeat superior* and vicarious liability.

6. The injuries giving rise to this cause of action occurred in Wayne County, Michigan.

7. The amount in controversy, exclusive of interest and costs, exceeds $25,000.00.

## FACTS

8. In the spring of 2004, Powerhouse retained Harness, Dickey & Pierce, P.L.C. to represent Powerhouse in connection with the infringement upon Powerhouse's trademarks by certain entities' sales of fitness equipment. Defendant George T. Schooff was the Harness, Dickey & Pierce, P.L.C. attorney principally in charge of this representation, and he was assisted by Defendants Utykanski and Seitz. (Collectively, Harness, Dickey & Pierce, P.L.C. and the individual Defendants shall be referred to "Harness Dickey".)

9. On October 6, 2004, on behalf of Powerhouse, Harness Dickey filed a lawsuit in federal court against certain parties alleging that the sale of certain fitness equipment infringed upon Powerhouse's trademarks, thereby violating federal and state law. This lawsuit was captioned Powerhouse Marks, L.L.C. v Chi Hsin Impex, Inc., et al, USDC, ED Mich, case no. 04-73923 (the "Lawsuit").

10. The Defendants sued in the Lawsuit were Chi Hsin Impex, Inc. ("Impex"), Costco Wholesale Corporation ("Costco"), Dick's Sporting Goods, Inc. ("Dicks"), Dunham's Altheisure Corporation ("Dunhams"), Meijer, Inc. ("Meijer"), and Wal-Mart Stores, Inc. ("Wal-Mart"). Powerhouse settled with Wal-Mart prior to trial.

11. Defendants in the Lawsuit filed a motion for summary judgment

3

seeking to preclude Powerhouse from recovering certain damages. Pursuant to the Court's February 2, 2006 opinion and order: (1) the money damage claims against all Defendants other than Impex were dismissed, and (2) Powerhouse was permitted to seek to recover from Impex lost loyalty revenue and disgorgement of the profits of Impex.

12. During the Lawsuit, Harness Dickey hired as an expert witness Creighton G. Hoffman ("Hoffman"), a certified public accountant experienced in trademark infringement matters, to opine and testify as to Powerhouse's damages.

13. Trial in the Lawsuit took place in May, 2006.

14. Hoffman opined and testified at trial that royalties were calculated as a percentage of sales of the infringing product(s).

14. Hoffman testified at trial that, as a result of Impex's infringement, Powerhouse lost $3.8 million in royalties through July 31, 2004 and approximately $600,000 from August 1, 2004 to the date of trial.

15. Hoffman testified at trial that Impex realized profits of at least $17 million from it sale of "POWERHOUSE" brand fitness equipment.

16. Impex's expert, Rodney Crawford ("Crawford"), opined and testified that royalties were calculated as a percentage of sales of the infringing product(s).

17. Crawford testified that, based on an assumed 2% royalty rate, Powerhouse lost about $2.2 million in royalties based on Impex's sales on infringing products.

18. At the conclusion of the Trial, the verdict form submitted to the jury was in the form drafted by Harness Dickey.

4

19. Before the jury's verdict was announced on May 11, 2006, the Court sent the jury back to the jury room in order to confirm with the parties' attorneys the meaning of the last question on the verdict form. Harness Dickey agreed with defense counsel that the jury's answer to the last question on the verdict form should be the total amount Powerhouse is entitled to recover.

20. On May 11, 2006, the jury returned a verdict in which the jury found: (1) Plaintiff proved by a preponderance of the evidence that Impex's sale of "POWERHOUSE" brand fitness equipment created a likelihood of confusion; and (2) Impex intended to derive a benefit from Plaintiff's goodwill or reputation at the time of Impex's use of "POWERHOUSE". The verdict form then guided the jury to apply royalty rates of 4% and 6%, respectively, to Impex's _profits_ before and after October 6, 2004 (the date of the filing of the suit), resulting in a total verdict of $719,000.00. The verdict form did not specifically address whether Powerhouse should be awarded any of Impex's profits.

21. Harness Dickey sought to increase Powerhouse's recovery through post-trial motions. Among other things, consistent with Hoffman's opinions and testimony, Harness Dickey argued that the 4% and 6% royalty rates should be applied to Impex's _sales_ of "POWERHOUSE" brand fitness equipment, increasing the reasonable royalty total to $4,637,305.00. Harness Dickey also requested that these royalties be trebled, resulting in a total lost royalty award to Powerhouse of $13,911,915.00.

22. In a December 4, 2006 opinion and order, the Court granted in part and denied in part the relief requested by Harness Dickey, trebling the damages

5

found by the jury (based on Harness Dickey's flawed verdict form) and awarding some portion of the attorney fees requested. In denying Harness Dickey's request to award lost royalties based on Impex's sales of "POWERHOUSE" equipment, the Court noted that Powerhouse's attorneys had largely drafted the verdict form which they had approved, and that it "likely conveyed to the jury that lost royalty damages should be based on profits as opposed to sales."

23. After trebling, the jury verdict from Harness Dickey's flawed verdict form was increased to $2,157,000. However, had Harness Dickey drafted a verdict form that directed the jury to apply the royalty percentages to sales of infringing products, after trebling and as argued by Harness Dickey in post-trial motions, the verdict would have been adjusted to $13.9 million. Alternatively, had Harness Dickey drafted a verdict form that directed the jury to award Powerhouse Impex's profits from the sales of infringing products, Powerhouse would have received a verdict of at least $17.65 million, a verdict which might have been trebled post-trial. Consequently, Powerhouse lost at least $11.7 million, and as much as $50.8 million, as a result of Harness Dickey's flawed verdict form.

24. Subsequent to the entry of the judgment in the Lawsuit, Powerhouse entered into a settlement agreement with Impex that resulted in Powerhouse receiving substantially less than what it would have received had the jury verdict form guided the jury to apply reasonable royalty rates to Impex's sales. The settlement agreement does not preclude Powerhouse from pursuing any claims against Harness Dickey.

## LEGAL MALPRACTICE

25. As attorneys for Powerhouse in the Lawsuit, Harness Dickey owed Powerhouse the duty to recognize established rules of law and to do that which attorneys of ordinary learning, judgment or skill would or would not do under the same or similar circumstances.

26. While representing Powerhouse in the Lawsuit, Harness Dickey breached duties and committed legal malpractice by:

(a) failing to properly conduct discovery, leading to unnecessary legal services, fees and expenses;

(b) failing to argue to the Court before the jury reached its verdict that the jury's lost royalty award to Powerhouse should be calculated by applying royalty rates to Impex's sales of "POWERHOUSE" brand fitness equipment;

(c) failing to draft and provide to the Court for submission to the jury a verdict form which provided that the jury's lost royalty award to Powerhouse should be calculated by applying royalty rates to Impex's sales of "POWERHOUSE" brand fitness equipment;

(d) failing to argue to the Court before the jury reached its verdict that the verdict form should provide that Powerhouse should be awarded Impex's profits from its sale of "POWERHOUSE" brand fitness equipment;

(e) failing to draft and provide to the Court for submission to the jury a verdict form which provided that Powerhouse should be awarded Impex's profits from its sale of "POWERHOUSE" brand fitness equipment;

(f) drafting and submitting to the Court an ambiguous verdict form that did not instruct or permit the jury to disgorge in favor of Powerhouse the profits Impex had received from its sale of "POWERHOUSE" brand fitness equipment;

7

(g) stipulating to a verdict form that guided the jury to apply royalty rates to Impex's *profits* from the sales of "POWERHOUSE" brand fitness equipment to determine Powerhouse's total damages; and

(h) engaging n other acts of malpractice that may be ascertained during discovery in this matter.

27. As a direct and proximate result of Harness Dickey's malpractice set forth above, Powerhouse has been damaged by incurring excessive legal fees and expenses and receiving a verdict, judgment and settlement substantially less than what it would have received but for Harness Dickey's malpractice.

Wherefore, Plaintiff prays for a judgment awarding:

(1) actual damages in excess of $11 million;

(2) pre-Complaint and post-Complaint interest as permitted by law; and

(3) costs and attorney fees.

Respectfully submitted,

EDWARD G. LENNON PLLC

_____
EDWARD G. LENNON (P42278)
Attorney for Plaintiff

Dated: January 18, 2008

### JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

Respectfully submitted,

EDWARD G. LENNON PLLC

_____
EDWARD G. LENNON (P42278)
Attorney for Plaintiff

Dated: January 18, 2008

8

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

County in which this action arose _Wayne_

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Powerhouse Marks, L.L.C.

### DEFENDANTS
Harness, Dickey & Pierce, P.L.C., a Michigan Professional Limited Liability Company, George T. Schooff, an individual, David P. Utykanski, an individual, and Brent . Seitz, an individual

(b) County of Residence of First Listed Plaintiff **Oakland**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **Oakland**
(IN U.S. PLAINTIFF CASES ONLY)

(c) Attorney's (Firm Name, Address, and Telephone Number)
Edward G. Lennon PLLC
Edward G. Lennon (P42278)
322 N. Old Woodward
Birmingham, Michigan 48009
(248) 723-1276

Attorney's (Firm Name, Address, and Telephone Number)
Miller Canfield Paddock & Stone, PLC
Thomas G. Parachini (P22832)
David O'Brien (P65532)
150 West Jefferson, Ste. 2500
Detroit, Michigan 48226
(313) 963-6420

Collings, Einhorn, Farrell & Ulanoff, P.C.
Brian D. Einhorn (P13130)
Donald D. Campbell (P43088)
4000 Town Center, Ste. 909
Southfield, Michigan 48075
(248) 355-4141

## II. BASIS OF JURISDICTION (Select One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Select One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

Case: 2:08-cv-10484
Judge: Cohn, Avern
Referral MJ: Scheer, Donald A
Filed: 02-01-2008 At 11:54 AM
REM POWERHOUSE MARKS V. HARNESS DIC KEY ET AL (DA)

| | PTF | DEF |
|---|---|---|
| | ☒ 4 | ☒ 4 |
| | ☐ 5 | ☐ 5 |
| | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Select One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☒ 840 Trademark | ☐ 480 Consumer Credit |
| | | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 900 Appeal of Fee Determination Under Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

POSSIBLE COMPANION CASE

## V. ORIGIN (Select One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 USC 1117(a), 28 USC 1331, 28 USC 1338(a)
Brief description of cause:
Plaintiff is suing Defendants for legal malpractice based upon alleged negligence in the prosecution of federal trademark infringement claim.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions) JUDGE Julian Abele Cook
DOCKET NUMBER 2:08-cv-10292

DATE January 31, 2008
SIGNATURE OF ATTORNEY OF RECORD
_Thomas G. Parachini_

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

SUANT TO LOCAL RULE 83.11

1.     Is this a case that has been previously dismissed?    ☐ Yes   ☒ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

2.     Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)   ☒ Yes   ☐ No

If yes, give the following information:

Court: United States Court for the Eastern District of Michigan, Southern Division

Case No.: 2:08-cv-10292

Judge: Julian Abele Cook

Notes :